BALDOMERO DELGADO-ENCARNACIÓN and ALBERTO RIVERA-DEL-GADO, Plaintiffs and Appellants, *v.* JUANA ENCARNACIÓN-GUADALUPE, HEIRS OF TOMÁS DÍAZ-FIGUEROA and PORTO RICO RAILWAY, LIGHT & POWER Co. as Successor of CAGUAS TRAMWAY Co., Defendants and Appellees.

No. 3731.   Argued February 18, 1926.—Decided April 12, 1926.

*Campillo & Campillo* for the appellants.   *J. H. Brown* and *Clemente Ruiz Nazario* for the P. R. Ry., Light & P. Co.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

As the heirs of José Delgado y Reyes the plaintiffs brought this action against the defendants for the annulment of a dominion title proceeding, of certain transfers and of their records in the registry for the purpose of obtaining revendication of a parcel of land described in the complaint. This complaint had been amended for the third time and was demurred to for lack of cause of action, the Porto Rico Railway, Light & Power Co. pleading, among other grounds, acquisitive prescription of the property under sections 1864 and 1858 of the Civil Code.

The court below dismissed the complaint without delivering an opinion and the appellants assign as errors the grounds set up by the defendant in support of its demurrer and on which the judgment was based.

The case is analogous to that of *Heirs of de Jesús et al. v. Pérez et al.*, 28 P.R.R. 297, wherein the same questions were raised and decided.

■ The property claimed is alleged to be community property and the appellee alleges that the appellants could not sue for an undivided part of the property until after its liquidation. In the *Heirs of de Jesús Case, supra,* the following was said in disposing of that objection:

"In denying the title of the complainants the court based its decision on the fact that the property in question was conjugal and had belonged to the father and mother of the complainants and that no title could arise in the complainants until there had been a liquidation of the ganancial property and for other similar informalities. The opinion of the court below was written before we had decided the cases of *Capó v. Fernández,* 27 P.R.R. 656; *Aponte et al. v. Aponte et al.,* 27 P.R.R. 753, and *Santini et al. v. Díaz San Miguel et al.,* 27 P.R.R. 746, and therein it sufficiently appears that heirs, owners of unliquidated or undivided portions of real estate, have a right to bring an action of revendication to the extent of their unliquidated or undivided portions. Hence the heirs, once showing a clear title in their ancestors, would have had a right, barring prescription, to bring revendication to claim their undivided portions of the land whatever they were."

■■ The point relative to prescription has another distinct aspect, and in its effects it is the same as that discussed in the *Heirs of de Jesús Case, supra.* The difference in this case is that the question was adjudged on its merits.

The complaint in the present case alleges that Juana Encarnación Guadalupe, wife of José Delgado y Reyes, purchased from Casimiro Ortiz an undivided half of the property described in the complaint; that when Delgado died he left two children named Baldomero and Juana Delgado, the latter having died single leaving a minor child named Alberto Rivera Delgado; that these children and Juana Encarnación Guadalupe were the only heirs of the deceased; that without first making a liquidation of the decedent's estate the widow, by a public deed of January 20, 1901, conveyed an undivided

half of the said property to Tomás Díaz Figueroa, who had also acquired the other undivided half by purchase from Carmen Encarnación Guadalupe; that in 1907 Tomás Díaz Figueroa sold to the Caguas Tramway Co. a strip of land of 6,720 square meters and, as the purchasing corporation could not record in the registry of property its title to the purchase from Juana Encarnación Guadalupe, it instituted dominion title proceedings in the District Court of San Juan which were approved on September 2, 1908, but without complying in the proceedings with the formalities required by section 395 of the Mortgage Law;- that on July 2, 1909, the Caguas Tramway Co. conveyed the strip of 6,720 meters of land to the Porto Rico Railway, Light & Power Co., and that this latter corporation "took over the assets, property and business of the Caguas Tramway Co."

From these allegations it will be noticed that there is nothing charging the defendant Porto Rico Railway, Light & Power Co. with knowledge of the defects that existed in the dominion title proceeding, nor is it alleged that they or any other defects in regard to the origin of the title appear in the registry. The knowledge of such defects by the Caguas Tramway Co. does not necessarily imply knowledge thereof by the Porto Rico Railway, Light & Power Co. on the mere ground that the latter took over the assets, property and business of the former corporation. In order to do this it was necessary to allege the merger of the corporations so that the Caguas Tramway Co. should appear as continuing its existence in the defendant corporation, or that the latter was a mere continuation of the conveying corporation. Therefore, although ordinary prescription can not run in favor of the Caguas Tramway Co. because of the interests of minor children, such is not the case with regard to the defendant. Good faith is always presumed in the latter by reason of its belief that the Caguas Tramway Co., from which it acquired

the property, was the owner thereof and could convey its title. The sale by the Caguas Tramway Co. was made on July 2, 1909. The complaint appears to have been filed in March, 1925. It follows that the Porto Rico Railway, Light & Power Co. had been in possession of the property in good faith and under color of title for a period of more than ten years. It is not alleged that the plaintiffs were absent, and from the face of the complaint it appears that the action is barred by prescription.

For the foregoing reasons the judgment appealed from must be affirmed.